# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
CHELSEA J. CRAWFORD
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_CJCChambers@mdd.uscourts.gov
(410) 962-4560

September 04, 2026

**REPORT AND RECOMMENDATION RE:** *Alexander Perez v. Eastern Account System of Connecticut, Inc.*, Civil Action No. JRR-26-0891

Dear Counsel:

This matter was referred to the undersigned by the Honorable Julie R. Rubin in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 to review Plaintiff Alexander Perez's Motion for Default Judgment (the "Motion") and/or make recommendations concerning damages. ECF Nos. 13, 14. No hearing is necessary. Loc. R. 105.6. For the reasons set forth below, I recommend deferring resolution of the Motion and granting Plaintiff leave to amend his Complaint as set forth below.

## I. Background

Plaintiff brings this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p. ECF No. 1. In his Complaint, Plaintiff alleges that Defendant Eastern Account System of Connecticut, Incorporated violated the FDCPA by failing to disclose certain information in its initial text message to Plaintiff and by continuing to text Plaintiff after Plaintiff texted back that he refused to pay an alleged debt. ECF No. 1 ¶¶ 4, 18–26.

Plaintiff served process on Defendant, *see* ECF No. 7, who did not answer or otherwise respond to the Complaint. On June 2, 2026, Plaintiff moved for Clerk's entry of default against Defendant. ECF No. 10. The Clerk entered default on June 4, 2026, which Defendant did not challenge. ECF No. 11. Plaintiff now moves for an entry of default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b)(2) for Defendant's failure to appear or otherwise defend in this matter. ECF No. 13. The Motion is unopposed.

## II. Default Judgment

Federal Rule of Civil Procedure 55 governs entries of default and default judgments. Unless a party's claim is for a "sum certain" or "a sum that can be made certain by computation," "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(1)–(2). While the Fourth Circuit has a "strong policy that cases be decided on their merits, … default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421–22 (D. Md. 2005) (citation modified). "In considering a motion for default judgment, this Court accepts as

true the well-pleaded factual allegations in the complaint as to liability." *Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–81 (4th Cir. 2001)). If liability is established, then the "court must make an independent determination regarding damages and cannot accept as true factual allegations of damages." *Id*. "[T]he Court may award damages without a hearing if the record supports the damages requested." *Trs. of the Nat'l Asbestos Workers Pension Fund v. Ideal Insulation, Inc.*, Civil Action No. ELH-11-832, 2011 WL 5151067, at *4 (D. Md. Oct. 27, 2011).

**A. Liability**

To establish a claim under the FDCPA, a plaintiff must prove three elements: "(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 333 n.3 (4th Cir. 2012); *see also McNaney v. Am. Collections Enter., Inc.*, Civil Action No. JRR-23-2396, 2024 WL 3013158, at *6 (D. Md. June 14, 2024). To satisfy the first element, a plaintiff must show that their FDCPA claim arises from a consumer "debt," which is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for *personal, family, or household purposes*, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5) (emphasis added).

Whether a plaintiff pleads sufficient facts to show that a debt was owed for "personal, family, or household purposes" depends on who owes the debt. If the plaintiff does not owe the debt at issue, "[i]t is sufficient to plead facts supporting an inference that the debt was a consumer debt." *McNaney*, 2024 WL 3013158, at *7 (citation omitted). On the other hand, "[W]here an FDCPA plaintiff is also the debtor responsible for the debt in question, courts have held that the plaintiff must plead specific facts indicating [th]at the debt was incurred for personal, family, or household purposes." *Schools v. PMAB, LLC*, Civil Action No. TDC-14-0716, 2014 WL 6460613, at *3 (D. Md. Nov. 14, 2014); *see McNaney*, 2024 WL 3013158, at *7 ("[T]o adequately plead facts showing a consumer debt, a plaintiff must do more than merely track the statute's language." (quoting *Piper v. Meade & Assocs., Inc.*, 282 F. Supp. 3d 905, 911 (D. Md. 2017)); *see also Boosahda*, 462 F. App'x at 336 (affirming district court's grant of summary judgment for defendant because plaintiff "had failed to carry his burden of establishing an essential element of his FDCPA claims, that the debt incurred on the Chase and First USA credit cards was consumer—as opposed to business or commercial debt"). Courts have indicated that the purposes for which the debt was used, the means by which the plaintiff incurred the debt, and the party that lent the debt are all facts that courts consider when determining whether plaintiff owes a consumer debt. *See Ellis v. Palisades Acquisition XVI LLC*, Civil Action No. JKB-18-03931, 2019 WL 3387779, at *1, *5 (D. Md. July 26, 2019) (finding plaintiff sufficiently alleged a consumer debt by alleging Plaintiff incurred debt from a credit card, under his own name, used for personal, family, or household purposes, and from a specific bank); *Piper*, 282 F. Supp. 3d at 911 (noting case in which "allegation that 'the debt concerns a student loan' owed to 'Career Education Corp'" was sufficient to establish a consumer debt (citation omitted)).

Here, Plaintiff pleads that an "alleged debt arose from a consumer account used primarily for personal, family, or household purposes and therefore constitutes a 'consumer debt.'" ECF No. 1 ¶ 17. Plaintiff alleges that Defendant sent a text message to Plaintiff's cell phone stating that it was a debt collector and encouraging Plaintiff to call a cell phone number. ECF. No. 1 ¶ 20. Plaintiff replied to the text by sending a message that stated, "I am not paying." ECF No. 1 ¶ 22. Plaintiff alleges that he then received additional texts from Defendant. ECF No. 1 ¶¶ 24, 26.

Plaintiff's allegations fail to establish the first element of his FDCPA claim for two reasons. First, Plaintiff does not allege sufficient facts to demonstrate who owed the debt at issue. To be sure, Plaintiff responds to Defendant's text by stating that "I am not paying," suggesting that Plaintiff owes the debt himself. ECF No. 1 ¶ 22. However, Plaintiff may also have made this statement to assert that he would not be paying the alleged debt on behalf of another individual. Other than this statement, the Complaint offers no indication about who owes the alleged debt. Absent additional allegations to establish ownership of the debt, I cannot determine whether to evaluate Plaintiff's consumer debt allegations under the more lenient standard for a third-party debt, or the stricter standard for a debt owed by a plaintiff.

Second, assuming Plaintiff intended to plead that he owed the debt, he has also failed to demonstrate, under the stricter standard, that the debt was primarily for personal, family, or household purposes. Plaintiff has only alleged that the debt "arose from a consumer account used primarily for personal, family, or household purposes and therefore constitutes a 'consumer debt.'" ECF No. 1 ¶ 17. From these allegations, the Court "cannot reasonably infer that the [a]lleged [d]ebt constitutes a consumer debt." *Piper*, 282 F. Supp. 3d at 912. First, Plaintiff's allegation that the debt "arose from a consumer account" is too conclusory for the Court to evaluate the purpose for which the account was used, particularly because neither "consumer account" nor "account" is defined in the FDCPA or the Complaint. Second, Plaintiff's allegation that the account was used "primarily for personal, family, or household purchases" merely tracks the FDCPA's language and "constitutes a legal conclusion couched as a factual assertion." *Id.* (citation modified). These allegations fail to explain what the debt was incurred for specifically, how it was lent, who lent it, or any other facts that could demonstrate the purpose of the debt. As a result, Plaintiff has failed to establish the debt was a consumer debt under the first element of an FDCPA claim.

Despite Plaintiff's pleading failures, he may have the ability to establish the facts necessary to show the ownership and nature of the debt. Other courts reviewing a motion for default judgment have granted a plaintiff leave to amend when the plaintiff fails to allege facts to establish a consumer debt under the FDCPA. *See Selig v. F & M Cap. LLC*, No. 3:19-CV-764-HEH, 2020 WL 13607032, at *2 (E.D. Va. Apr. 2, 2020) (granting leave to amend because motion suggested facts that could demonstrate a consumer debt); *Beckford v. Sky Grp. USA, LLC*, No. 8:21-CV-1501-CEH-CPT, 2023 WL 2242509, at *4–5 (M.D. Fla. Feb. 27, 2023) (granting leave to file renewed motion for default judgment or to amend complaint).

Accordingly, the undersigned recommends that resolution of the Motion be deferred and Plaintiff be granted leave to amend the Complaint within 30 days to correct the deficiencies discussed above. Should the Plaintiff fail to do so within that time, the undersigned recommends denying the Motion and dismissing the Complaint. In addition to the above deficiencies, Plaintiff

has also failed to file an exhibit that he states should have been attached to the Declaration accompanying his Motion. ECF No. 13-2 ¶ 8. The undersigned recommends that the Court direct Plaintiff to file the exhibit alongside his amended complaint.

## III. Conclusion

For the reasons set forth above, the undersigned recommends that:

1. The Court DEFER ruling on Plaintiffs' Motion for Default Judgment (ECF No. 13);

2. The Court GRANT LEAVE TO AMEND Plaintiff's Complaint to cure the deficiencies discussed herein within 30 days of the Court's ruling on this Report and Recommendation. Because Defendant is in default, and Plaintiff is granted leave to amend his Complaint to only add factual allegations and not any new claims, Plaintiff is not required to serve the Amended Complaint on Defendant. *See* Fed. R. Civ. P. 5(a)(2);

3. The Court DIRECTS Plaintiff to file Exhibit A to his Declaration simultaneously with his filing of the amended complaint; and

4. Should Plaintiff fail to amend his complaint by the recommended deadline, the Court DISMISS the Complaint.

Sincerely,

*/s/*

Chelsea J. Crawford
United States Magistrate Judge